IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEANNIE G. SCOTT                                                        PLAINTIFF

vs.                                Civil No. 5:06-CV-05030

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                  DEFENDANT

**ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 11).[2] Defendant has responded to this motion and has no objections. (Doc. No. 14). This matter is ready for decision.

**Background:**

On February 16, 2006, Jeannie G. Scott ("Plaintiff") appealed the Secretary of the Social Security Administration's ("SSA") denial of her request for Disability Insurance Benefits ("DIB"). (Doc. No. 1). On March 27, 2007, this Court entered an order reversing and remanding Plaintiff's case to the SSA. (Doc. No. 10). After this remand, Plaintiff filed the present motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1998). (Doc. No. 11). This motion was filed on June 25, 2007. In this motion, Plaintiff's attorney, Conrad Odom, seeks approval of attorney's fees for professional services in the amount of $3,436.26.

**Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

2

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). The Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose Plaintiff's attorney's application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 14). This Court construes this lack of opposition to Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff was the prevailing party.

Plaintiff's attorney requests an award under the EAJA at the rate of $140.00 per hour for the 24.25 hours which he asserts were devoted to the representation of the Plaintiff in this Court in addition to expenses of $41.26. (Doc. No. 11). This hourly rate is authorized by the EAJA if Plaintiff submits proof of a cost of living adjustment. Plaintiff has submitted a CPI as proof of this cost of living adjustment. (Doc. No. 11-2). The Court finds that, based upon the CPI Plaintiff submitted, this rate, $140.00 per hour, is an appropriate hourly rate for the award of attorney's fees in this case.

Further, I have reviewed counsel's itemization of time appended to his petition. (Doc. No. 11-1). The Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in representation of Plaintiff before the district court is reasonable. Thus, the Court finds that Plaintiff's counsel is entitled to compensation under the EAJA in the amount of $3,436.26, which is a total of 24.25 hours at a rate of $140.00 per hour plus $41.26 in expenses.

**Conclusion:**

Based upon the forgoing, the Court awards Plaintiff's attorney $3,436.26 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $140.00 per hour for 24.25 hours of work plus $41.26 in expenses.

**ENTERED** this **2nd day of July, 2007.**

/s/ Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge